[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT RES-I-TECH'S MOTION FORSUMMARY JUDGMENT
The plaintiffs John and Nancy Yanosy, who were the potential buyers of a home, retained the defendant Residential Inspection Technology, Inc. ("Res-i-Tech") to perform a home and termite inspection for them prior to contracting to purchase a house in Stratford. The defendant performed such an inspection and issued a report to the plaintiffs, who paid the defendant for these services, all in January of 1988. After that, the parties had no further contact with one another until the commencement of the instant litigation. The plaintiffs, satisfied that the home had no termite damage, proceeded with the purchase and took title in March of 1988. They allege that they subsequently discovered extensive CT Page 7529 termite infestation and damage, all of which should have been discovered by the defendant upon performance of a proper inspection, and they have filed this lawsuit for money damages.
The counts in the complaint against the defendant Res-i-Tech involve negligence (Count Eight and Nine), breach of contract (Count Eleven), and violation of CUTPA, Conn. Gen. Stat. Sec. 42-110b
(Count Ten). The defendant moves for summary judgment on the grounds that the action is barred by the statute of limitations on each of these counts.
The counts sounding in tort, Count Eight and Nine, are governed by Conn. Gen. Stat. Sec. 52-577, a three year statute of limitation. The time begins to run from "the date of the act or omission complained of." Conn. Gen. Stat. Sec. 52-577. The statute is only tolled if there exists some continuing duty on the part of the alleged tortfeasor that has not terminated prior to the commencement of the period allowed for bringing an action for such a wrong. Fichera v. Mine Hill Corporation, 207 Conn. 204, 209
(1988). That is neither alleged in the plaintiff's complaint nor, more importantly, supported by any documentation submitted by the plaintiffs in opposition to the defendant's summary judgment motion. The plaintiffs have submitted an advertising and promotional brochure distributed by Res-i-Tech (Plaintiffs' Exhibit 3) which states that a Res-i-Tech customer can rely on "total coverage," defined in the brochure as an offer of future free consultations. The plaintiffs submit nothing from which the court can conclude that the plaintiffs ever read, relied upon, or even laid eyes upon Exhibit 3 at any point. There is nothing in Exhibit 3 that even approaches a representation that the defendant assumed a continuing duty to the plaintiffs after the delivery of the inspection report, beyond being available for further business from them. The existence of what may be termed an ordinary contractual relationship, even where there is arguable fraud by one party, does not give rise to a continuing duty on the part of the deceitful party to disclose the deceit after its occurrence so that the statute of limitations is tolled. Fichera v. Mine HillCorporation, supra, at 210. Also there is a complete absence of any documentation that the defendant concealed a cause of action from the plaintiffs or did any other act which would toll the statute of limitation.
Likewise for the CUTPA count (Count Ten), there is a three year statute of limitation that begins to run from "the occurrence of a violation of this chapter." Conn. Gen. Stat. Sec. 42-110g(f). CT Page 7530 The analysis is the same as that under the tort counts.Fichera v. Mine Hill Corp. , supra, at 212-13. No facts have been pleaded or documented that involve a tolling of the statute.
The breach of contract count alleges an oral contract that was completely performed in January of 1988. The documentation supports this. As such, the applicable statute of limitation is Conn. Gen. Stat. Sec. 52-576 — six years, not Conn. Gen. Stat. Sec. 52-581 — three years. Tierney v. American Urban Corporation,170 Conn. 243 (1976). The breach occurred in 1988, and the action was brought in 1992, four years later.
Summary judgment is appropriate for the defendant Res-i-Tech on Counts Eight, Nine, and Ten; but the motion is denied as to Count Eleven.
PATTY JENKINS PITTMAN, JUDGE